**Harold J. MEEHAN**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. B–88–0442–CA.**

United States District Court, E.D. Texas, Beaumont Division.

March 13, 1990.

John Dudley Rutland, Beaumont, Tex., for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

The defendant, the Secretary of Health and Human Services ("the Secretary"), has moved this court for summary judgment, seeking an affirmance of the Secretary's decision that the plaintiff's Social Security disability insurance benefits were subject to offset due to the plaintiff's receipt of a separate public disability benefit in the amount of $1,189.71 per month. For the following reasons, the court finds that the Secretary's motion for summary judgment should be, and hereby is, GRANTED.

## THE RELEVANT STANDARD OF REVIEW

This court is limited in its review of a final decision of the Secretary to a determination of whether substantial evidence of record supports the Secretary's decision. *Hollis v. Bowen,* 837 F.2d 1378 (5th Cir. 1988). Substantial evidence is evidence a reasonable mind would accept as adequate to support the decision. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

## THE RELEVANT FACTS

The only issue in this case is whether the Secretary's interpretation of the disability offset provision found at 42 U.S.C. § 424a and 20 C.F.R. § 404.408 is supported by substantial evidence. The disability offset provision requires that offset must be made against a claimant's Social Security disability benefits based on the claimant's receipt of disability benefits paid by a state or other political subdivision. 42 U.S.C. § 424a.

The plaintiff here was awarded Social Security disability benefits of $303.50 per month, for a period of disability beginning May 1, 1985. The plaintiff was already receiving disability benefits of $1,189.71 per month from the Teacher Retirement System of Texas. By letter dated August 22, 1985, the Social Security Administration informed the plaintiff that his $303.50 Social Security disability benefit was completely offset by his $1,189.71 Teacher Retirement System disability benefit, and the plaintiff would therefore receive no payment from the Social Security Administration.

## THE ARGUMENTS

The plaintiff has argued that had he taken a non-disability early retirement, Teacher Retirement System would have paid him $1,084.66 per month, so his disability offset should only be $105.05 per month, the difference between non-disabled and disabled Teacher Retirement System benefits. The Secretary rejected the plaintiff's argument, and interpreted the offset provision as requiring offset of the total amount of any disability benefit received. The Secretary has interpreted:

> periodic benefits on account of his or her total or partial disability (whether or not permanent) under any other law or plan of the United States, a State, a political subdivision ...

42 U.S.C. § 424a(a)(2), to include the total amount of disability benefits paid by the Teacher Retirement System of Texas. Such an interpretation is reasonable, and consequently this court is bound to uphold that interpretation. *See, Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Young v. Community Nutrition Institute,* 476 U.S. 974, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986).

The Secretary's interpretation of the disability offset provision is reasonable, and the record clearly shows the plaintiff is indeed receiving disability benefits from the Teacher Retirement System. The Secretary's decision is supported by substantial evidence. Accordingly, the Secretary's motion for summary judgment is GRANTED.